## GAGE v. S. MILLS ELY CO.

(Supreme Court, Appellate Division, Third Department.   December 28, 1911.)

1. MASTER AND SERVANT (§ 89*)—INJURY TO SERVANT—NEGLIGENCE—WORK-ING AFTER HOURS.

Whether a servant, sustaining a personal injury by the giving way of a floor of a building, was working after hours, is immaterial, in determining the liability for the injury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 89.*]

2. MASTER AND SERVANT (§§ 124, 270*)—INJURY TO SERVANT—EVIDENCE—AD-MISSIBILITY.

Where, in an action for injuries to a servant by the giving way of a floor of a building, a witness was permitted to testify that he repaired the building at the request of the owner, and to state what he did, and that the owner informed him that the building was to be used for heavy storage, the exclusion of evidence that the owner told the witness, who was a carpenter, to fix the floor so that it could not give way, was not erroneous, because such instructions would not exonerate the owner from an inspection to determine whether the instructions had been carried out.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. §§ 124, 270.*]

3. EVIDENCE (§ 528*)—EXPERTS—PERSONAL INJURIES.

It is not error to permit a physician to testify that plaintiff, suing for a personal injury, was suffering from one of two diseases which might have been caused by the accident complained of.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2335–2337; Dec. Dig. § 528.*]

Appeal from Trial Term, Broome County.

Action by Elmer B. Gage against the S. Mills Ely Company. From a judgment for plaintiff, rendered on the verdict of a jury, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

T. B. & L. M. Merchant, for appellant.
Thomas B. Kattell, for respondent.

PER CURIAM. We think the situation disclosed presented a question of fact for the jury as to the negligence of the defendant in failing to inspect and strengthen the floor which gave way, as well as the contributory negligence of the plaintiff, and whether or not Thorp was acting as superintendent.

[1] It is unimportant whether the plaintiff was working after hours or not.

[2] No error was committed in refusing to permit the carpenter who made the repairs to state the conversation which he had with the owner of the building. He was permitted to say that he repaired it at the request of the owner, and to tell all that he did, and that the owner informed him that the building was to be used for heavy storage. The most favorable answer which the witness could have given to the defendant would have been to say that the owner told the carpenter to fix the floor so that it could not give way. Under the situation disclosed, such instructions would not have exonerated the defendant from an inspection to determine whether those instructions had been carried out.

[3] Nor was there any error in permitting the physician, Dr. Hall, to testify, as he asserted he was entirely able to do, that the plaintiff was suffering from one of two diseases which might have been caused by the accident to the plaintiff. Quinn v. O'Keefe, 9 App. Div. 68, 41 N. Y. Supp. 116. Besides, the verdict, as finally reduced by the trial court to $1,250, can be very properly considered not to embrace damages for the more serious disease which the physician mentioned.

The judgment and order should be affirmed, with costs.